**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TYRONE DOUGLAS DAVIS, #85768**                           **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO. 1:08-cv-329-HSO-JMR**

**JUDGE STEPHEN B. SIMPSON, et al.**                    **DEFENDANTS**

ORDER AND REASONS

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on July 25, 2008. On August 4, 2008, the Court entered an Order [3] directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within 30 days.  Plaintiff has failed to comply with the Order.  Plaintiff was warned in the Order that his failure to timely comply with the requirements of the Order may result in the dismissal of his Complaint.

On September 30, 2008, an Order was entered directing Plaintiff to show cause, on or before October 15, 2008, why this case should not be dismissed for his failure to timely comply with the Court's August 4, 2008, Order.  In addition, Plaintiff was directed to comply with the August 4, 2008, Order by filing the required documentation, on or before October 15, 2008.  The show cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff did not comply with the Court's Order.

Further, this Court's Orders of August 4, 2008 and September 30, 2008, warned Plaintiff that his failure to advise this Court of a change of address would result in this cause being dismissed without further written notice to Plaintiff.  On October 17, 2008, the envelope containing the September 30, 2008, Order was returned by the postal service with the notation "released."  Plaintiff has failed to keep the Court informed of his current address.

Plaintiff failed to comply with two Court Orders and he has not contacted this Court since July 25, 2008, when he filed the instant civil action.  This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the

2

Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

SO ORDERED, this the 10th day of November, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

3